The opinion of the court, (TilghmAn, C. J. being absent,) was delivered by,
Gibson, J.
The action of assumpsit must be joint or several accordingly as the promise on which it is founded, is joint or several. Where the promise is express, there can be little difficulty in determining to which class it belongs, as its nature necessarily appears on the face of the contract itself; and if it be joint, all to whom it is made, must, or at least may sue on it jointly, and after having recovered, settle among themselves the proportion of the damages to which each is respectively entitled: as in the case put in the note to Cory ton v. Lithebye, (2 Saund. 116, a. note 2.) where there was a promise to two, in consideration of 10^6 to procure the re-delivery of their several cattle which had been distrained. But an implied promise, being altogether ideal and raised out of the consideration only by intendment of law, follows the nature of the consideration; and as that is joint or several, so will the promise be: as in the case of the'implied promise to contribute, which arises in favour of sureties, or persons who have paid a debt for which along with others, they were jointly liable; and on which they cannot sue jointly, but each has a separate action, for what he has paid beyond his aliquot part. Graham v. Robinson, (2 T. R. 282.) Brand & Herbert v. Boulcott, (3 Bos & P. 235.) Now, in an action for money paid, laid out, and expended, to the defendants use, actual payment without regard to the liability under which it was made, is the consideration of the assumpsit. It is because the plaintiff has paid, not because he was bound to pay, •that the law implies a promise, the obligation to pay only supplying the place of a precedent request, which would otherwise be necessary. The criterion, therefore, is not Whether the plaintiffs were jointly ¡liable to pay the debt,- but whether they actually paid it jointly. If one had paid the whole it would be clear that all could not sue. But joint payment can be made only with joint funds5 *214 for each must contribute to the whole, and as payment with the money of the one, cannot be payment by the other, there must nécessarily be an undivided interest in the fund out of which the money comes: otherwise, there will separately be payment by each, of particular parts of the debt. Now there was no evidence that the defendants debt was paid with funds held in common by the respective firms of Curtin and Boggs, and of J. and D. Mitchel. The receipt of Duncan and Foster,' contains no assertion of the fact, nor would it be evidence against the defendant if it did. On the other hand, the receipt of J. and I). Mitchel, to the defendant, for the part which they had advanced, shows that they considered it to have been their separate property; for had it been the joint property of the two firms when it was paid out, it would hardly have been treated as the separate property of either, when it was returned, as that would have had the effect of securing the one, and of casting the risque of recovering what remained due, on the other. Then, under the pleadings, payment out of a common fund, was a necessary part of the plaintiffs case and one which they were bound to prove; and having failed to prove it, the defendant was entitled to a direction that they had not made out a case on which they ought to recover. The remaining point was not necessarily involved in the cause, and need not have been stirred if the court below had given the direction required. It is unnecessary therefore to decide it here.
Judgment reversed.